# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

United States of America,

v.                                                           Case No. 1:18-cr-00375

Sidney Edike,                                         Michael L. Brown
                                                              United States District Judge
                Defendant.

_____/

# ORDER

A grand jury indicted Defendant Sidney Edike with thirty counts of wire fraud, access device fraud, and aggravated identity theft based on an alleged fraudulent tax return and refund scheme. Defendant Edike filed three pretrial motions: (1) a motion to suppress statements he made during the execution of a search warrant at his residence (Dkt. 20), (2) a motion to suppress evidence obtained during that search (Dkt. 19), and (3) a perfected motion to suppress evidence and a request for a *Franks v. Delaware* hearing (Dkt. 35). The Magistrate Judge issued a Report and Recommendation ("R&R"), recommending denying all three motions. (Dkt. 42.) Defendant filed an appeal-preserving objection to the R&R.

(Dkt. 44.) The Court agrees with the Magistrate Judge and denies all three of Defendant Edike's motions to suppress.

I. **Background**

In September 2018, a grand jury returned a thirty-count indictment against Defendant Edike. (Dkt. 1.) The indictment charged him with wire fraud, access device fraud, and aggravated identity theft related to an alleged fraudulent tax refund scheme. According to the indictment, Defendant Edike was responsible for filing more than 400 false tax returns, all claiming tax refunds, many of which were deposited into the same recurring Regions Bank accounts. (*Id*. at 2.) The bank accounts were also fraudulently opened, using a name and social security number of an actual person, but with a mailing address that did not belong to that person. (*Id*. at 3.) After the refunds were deposited into the accounts, the indictment alleges that Defendant Edike withdrew the funds from various ATMs. (*Id*.)

Leading up to the indictment, federal agents had secured a search warrant for Defendant Edike's residence, which had been one of the addresses of record on the Regions Bank accounts. (Dkt. 42 at 4.) Defendant moved to suppress the evidence collected during this search,

along with a statement he gave agents during a roughly three-hour interview.

The Magistrate Judge held an evidentiary hearing where she considered Defendant Edike's first two motions. (Dkt. 25.) Defendant Edike later filed a perfected motion to suppress evidence and requested a *Franks v. Delaware* hearing to challenge the validity of the search warrant based on allegations of government misconduct. (Dkt. 35 at 1.)

The Magistrate Judge considered each of these motions and then issued an R&R recommending denial of all three. (Dkt. 42 at 20.)

II.  **Legal Standard**

A district judge has a duty to conduct a "careful and complete" review of a magistrate judge's report and recommendation. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam). When a party files objections to an R&R, the district court must review de novo any part of the disposition that is the subject of a proper objection. 28 U.S.C. § 636(b); FED. R. CIV. P. 72(b). A court reviews all other portions of the R&R for clear error. *See United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

In objecting to an R&R, "parties . . . must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009). Without proper objections, the Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## III. Discussion

Within the statutory deadline to file written objections to the R&R, Defendant Edike submitted a filing to the Court stylized as "Mr. Edike's Objection to Magistrate Judge's Report and Recommendation." (Dkt. 44.) The filing, however, is not a distinct objection but merely a reiteration of Defendant's arguments in his briefs and an attempt at preserving the objection for appeal:

> Defendant therefore respectfully objects to the conclusions of the Magistrate Judge in order to preserve this issue for the appellate record. Defendant objects to the recommendations made by the R&R, maintains the positions taken in his brief, and adopts them herein by reference.

(*Id.* at 2.)

Such an objection is no objection at all for a district court's review of an R&R. *See Schultz*, 565 F.3d at 1361 (holding that district courts

need not consider "[f]rivolous, conclusive, or general objections"). Written objections must be specific, not general, conclusory, or directed at the entire R&R. *See Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (noting that objections must specifically "identify the portion of the proposed findings and recommendation to which objection is made and the specific basis for objection"). Defendant Edike's objection therefore does not trigger de novo review. *Id.* at 783–84 (explaining that only upon receipt of objections meeting specificity requirements must a district court judge make de novo determination). Instead, because no proper objections were filed, the Court reviews the Magistrate Judge's R&R for clear error. *Id.*

And the Court has found none. Defendant Edike moved to suppress statements made during an interview with federal agents while they executed a search warrant at his residence. (Dkt. 20.) He also moved to suppress the evidence collected during that search.[1] (Dkts. 19, 35.)

---

[1] The Magistrate Judge permitted Defendant Edike to file a perfected motion to suppress evidence so he could specifically raise and articulate an argument for a *Franks v. Delaware* hearing. (Dkt. 31 at 66:17–25.) In the R&R, however, the Magistrate Judge recommends denying this request for a hearing because Defendant failed to make the necessary preliminary showing of either intentional or recklessly false statements

5

The Magistrate Judge recommends denying the motion to suppress evidence because "[t]he totality of the circumstances in this case allow a conclusion that there was a fair probability of finding contraband or evidence at the [Defendant's residence], and that the warrant was supported by probable cause." (Dkt. 42 at 11.) The Court finds no clear error in this determination and agrees with the Magistrate Judge that "[t]he heart of the probable cause is the similarity between the [Defendant's] driver's license photo and the ATM photos [of the suspect] — not the Google maps images." (*Id.* at 7.) Based on the totality of the circumstances, probable cause supported the search warrant and Defendant Edike's motion to suppress is due to be denied.

The Magistrate Judge also recommends denying Defendant Edike's motion to suppress a statement he made to IRS agents because he did not give the statements during a custodial interrogation and therefore a waiver of *Miranda* rights was not required. (*Id.* at 18.) The Magistrate Judge did not err in making this conclusion.

---

or omissions on the part of the government. (Dkt. 42 at 7–9.) The Court finds no error in that determination.

During the questioning, Defendant Edike was in his own home, the interview lasted a reasonable amount of time, the agents did not physically restrain or handcuff him at any point, they made no promises or threats, they brandished no weapons during the interview, and no one was arrested at the end of the interview. *See United States v. Street*, 472 F.3d 1298, 1309 (11th Cir. 2006) (outlining factors a court should consider in determining whether suspect was "in custody"). The Court thus sees no error in the Magistrate Judge's conclusion that Defendant Edike did not make his statement during a custodial interrogation and that therefore his motion to suppress the statement is due to be denied.

## IV. Conclusion

To the extent that it can be considered an objection, the Court **OVERRULES** Defendant Edike's Objection (Dkt. 44) and **ADOPTS** the Magistrate Judge's Report and Recommendation (Dkt. 42). The Court **DENIES** Defendant Edike's First Motion to Suppress Evidence (Dkt. 19), First Motion to Suppress Statements (Dkt. 20), and Motion to Suppress Evidence and Request for a *Franks v. Delaware* Hearing (Dkt. 35).

**SO ORDERED** this 16th day of September, 2019.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE